Misty Perry Isaacson, CA SBN 193204
**PAGTER AND PERRY ISAACSON**
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, California 92701
Telephone: (714) 541-6072
Facsimile:   (714) 541-6897
Email: misty@ppilawyers.com

Attorneys for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:18-bk-13870-CB |
| FRANCISCO RAMIREZ RAMIREZ and AURORA MENDEZ BARAJAS, | Chapter 13 |
| Debtors. | DECLARATION OF FRANCISCO RAMIREZ RAMIREZ RE DEBTORS REPLY TO OBJECTIONS TO CONFIRMATION FILED BY TRUSTEE AND INVESTMENT CONSULTANTS |
| | Date:  December 13, 2018 |
| | Time:  1:30 p.m. |
| | Ctrm: 5D |

## <u>DECLARATION OF FRANCISCO RAMIREZ RAMIREZ</u>

I, Francisco Ramirez Ramirez declare:

1.      I am one of the Debtors in the within matter.  The facts contained herein are true and correct and of my personal knowledge.

2.      In or about April 2007, my wife and I were visited at our residence located at 13422 Elmwood St., Garden Grove, CA 92845 ("Residence") by an agent for Homesavers. The Homesavers agent advised us that we qualified for a home equity line of credit ("HELOC") in the maximum amount of $72,000.  The terms of the HELOC were explained to us in Spanish, but

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

(714) 541-6072

– 1 –

executed in English.  At this time, neither my wife nor I was well-versed in the English language.

Spanish is our primary language.

3.      Shortly after this visit, on or about April 27, 2018, we executed a HELOC revolving

loan agreement ("Note") made payable to Homesavers with a credit limit of $65,000, with the

possibility of an additional $7,000 adjusted by the lender, for a total of $72,222.00.  The Note

was an interest only loan at 12.99% with a maturity date of March 27, 2015.  A true and correct

copy of the Note is attached as Exhibit 1 to this declaration.

4.      The Deed of Trust and Assignment of Rents for the HELOC was recorded in the

Orange County Recorder's Office on May 18, 2007.  A true and correct copy of the Deed of

Trust is attached as Exhibit 2 to this declaration.

5.      From the HELOC, we borrowed a total of $29,771.58.  A true and correct copy of

the disbursement statement from First American Title is attached as Exhibit 3 to this declaration.

6.      We made payments, in person, to Homesavers on the Note until we stopped

receiving billing statements.  We then visited Homesavers' office where we had signed the Note

to inquire why we were no longer receiving statements; however Homesavers was no longer at

that location.

7.      In or about May 2007, the Homesavers' Note was transferred to TTR Investment,

Inc. Profit Sharing Plan ("TTR").  A true and correct copy of the Assignment is attached as

Exhibit 4 to this declaration.

8.      On or about October 21, 2013, a notice of default ("NOD") was recorded by

California TD Specialist on behalf of TTR.  A true and correct copy of the NOD is attached as

Exhibit 5 to this declaration.

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

(714) 541-6072

– 2 –

9.      On or about January 28, 2014 a notice of sale ("NOS") was recorded with a sale date of February 19, 2014.

10.     On or about February 18, 2014 I, through my attorney, Gregory Bosse ("Bosse") filed a voluntary petition under Chapter 13 (Case No. 8:14-bk-10975-CB), staying the pending foreclosure sale by TTR.

11.     TTR objected to confirmation of my plan indicating that it did not properly provide for its claim in full.  Per TTR's claim, they alleged that $135,658 was due and owing, which included $72,000 in the principal balance owing on the Note.

12.     Instead of litigating the issue regarding TTR's claim, Bosse advised me to voluntarily dismiss my case and further indicated that he would help us find an investor to purchase the Note.

13.     During the time in which Bosse was attempting to assist us in finding another investor to purchase the Note, the pending foreclosure sale was again set.  Bosse filed a subsequent chapter 13 petition for my wife to once again stay the sale (Case No. 8:14-bk-14723-ES).

14.     Shortly after my wife's chapter 13 case filing, Bosse advised us that he found a company named Investment Consultants, Inc., a Nevada corporation and that ICI was willing to purchase the Note.  Bosse did not provide us with any specific terms of a modification of the Note, and only indicated that the monthly payments would be $1,515.50 going forward and that we should tender the payment to his office each month.  The TRR assignment to ICI was memorialized by an assignment recorded with the Orange County Recorder's Office on November 25, 2014.  A true and correct copy of the assignment is attached as Exhibit 6 to this declaration.

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

(714) 541-6072

15.     We began making the $1,515 payments starting in or about January 2015 up until

the filing of our prior joint filing on November 20, 2017 (Case No. 8:17-bk-14577-CB).  See true

and correct copies of the Debtors' Mortgage Interest Statements (Form 1098) for 2015 and 2016

evidencing such payments attached as Exhibit 7 and true and correct copies of checks for

payment made from January 2017 to June 2017 attached as Exhibit 8 to this declaration.

Although we were tendering our payments to Bosse for transfer to ICI, the 1098 forms provided

to us were from a company named Paladin Investment Group ("PIG").

16.     We have never received a billing statement from ICI even though they have

requested statements on several occasions.  As such, we do not have any clue how any of their

payments have been applied.

17.     After filing of our 2017 chapter 13 petition, Bosse refused to accept any further

payments on behalf of ICI, nor would he provide an alternate address for us Debtors to send the

payments.

18.     Upon further investigation, we discovered that Bosse was the CEO, Secretary,

CFO and sole officer of PIG.  A true and correct copy of PIG's articles of incorporation that were

provided to us by our prior attorney are attached as Exhibit 9 to this declaration.  Absent

evidence to the contrary, our former bankruptcy attorney, Bosse appears to be the CEO of the

company cashing our checks to ICI.

19.     We reached out to the California State Bar to assist with the alleged self-dealing by

Bosse.  We are informed that the State Bar is investigating our allegations.

20.     We have had a series of unfortunate interactions with prior bankruptcy counsel.

After the filing of our 2017 chapter 13 case, we experienced some difficulties with

communication with our prior attorney and we were not fully apprised of the status of our case.

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

(714) 541-6072

We are informed that our prior counsel failed to appear at the last confirmation hearing in the prior matter and the case was dismissed. Although a motion to reconsider the dismissal was filed by prior counsel, we are informed and believe that prior counsel failed to appear at the hearing on the motion to reconsider the dismissal.

21.    Prior to the filing of the within case, on or about October 11, 2018, our current bankruptcy counsel, Misty Perry Isaacson ("Isaacson") advised us that she reached out to ICI's counsel in the prior 2017 case, Fritz Firman ("Firman"), requesting a loan history from ICI, so that she could propose a plan that dealt with the ICI claim. Two months later, Isaacson has not received a loan history from ICI or Firman.

22.    We have also hired William Chapman as litigation counsel ("Chapman") to assist us in resolving our claim dispute with ICI. The deadline for non-governmental creditors to file their proofs of claim is December 31, 2018. Once ICI files it proof of claim, Isaacson and Chapman intend on filing an objection and/or adversary in order to resolve the outstanding issues related to the accounting of the Note by Homesavers, TTR, PIG, and ICI.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on December 6, 2018 at Garden Grove, California.

Francisco Ramirez Ramirez

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

(714) 541-6072

# EXHIBIT 1

Exhibit 1

# HOME EQUITY CREDIT LINE REVOLVING LOAN AGREEMENT

This is an agreement containing the terms and disclosures which apply to your home equity line of credit account ("Account") with Homesavers (CFI[        ]. The words "we" or "us" refer to the lender named in the previous sentence. The words "you" or "your" mean the person or persons who use or authorize the use of the Account, jointly and severally.

**1. How You May Use Your Account.** You can borrow money ("Cash Loans") from your Account by making a written request to us up to your maximum credit limit. Your Account is a revolving line of credit. You cannot request money in excess of the available credit (the difference between your outstanding balance and your maximum credit limit) on your Account. You may not request less than $1,000 at any one time. Requests for money must be in writing sent to us at an address we will give you. We will respond to it within 5 business days after receipt of your request. For the first 30 days after your Account is open, you will not be permitted to draw more than 90% of your initial credit limit. You cannot make more than one draw request per 30 day period.

**2. Maximum Credit Limit.** Your initial credit limit is $65,000.00, of which your first Cash Loan shall be $65,000.00. You agree that we can change your credit limit at any time in our discretion but it shall never exceed $72,222.00. You also agree that we are not obligated to extend credit to you for an amount that would make your outstanding balance exceed your maximum credit limit, or for any amount if your outstanding balance is already over the maximum credit limit. Any increases in your maximum credit limit you request will require that you make a written application for our approval. You will pay any amounts that exceed your maximum credit limit upon demand. We may re-evaluate your financial condition if you request a higher credit limit, or at any other time, and this may include obtaining a current credit bureau report, and/or asking you for current financial information. We may suspend your right to obtain additional Cash Loans when: (i) the value of your home has declined more than 20% from the appraised value at the time the Account was opened, (ii) we reasonably believe that you will be unable to fulfill your repayment obligations under this Agreement because of a material adverse change in your financial circumstances, (iii) you file a bankruptcy petition, (iv) one of the Account holders requests such suspension or (v) governmental or court action. If you believe that one of the conditions is no longer present, we will reinstate your ability to obtain Cash Loans if you so request in writing and we confirm that the condition is no longer present.

**3. Monthly Statement.** If you have an outstanding debit or credit New Balance of $1.00 or more, or if there is any finance charge imposed during a billing cycle, we will send you a statement. You agree to pay us for all Cash Loans, fees and charges, if any, and FINANCE CHARGES on your Account, all payable in United States Dollars according to the terms and conditions of this Agreement.

**4. FINANCE CHARGE on Your Account Balance.** We will determine and impose a FINANCE CHARGE by applying a daily periodic rate of **.0356%** to the daily unpaid principal balance for the number of days that balance remains unpaid in the billing cycle. The daily periodic rate is the **ANNUAL PERCENTAGE RATE of 12.99%** divided by 365. To get the daily unpaid principal balance we will take the beginning balance each day, add any new debits or Cash Loans and subtract any payments or credits. The ANNUAL PERCENTAGE RATE does not include costs described in this Agreement other than interest. A portion of the FINANCE CHARGE will be figured by applying a cash advance processing fee (a transaction fee) of $50 to each Cash Loan after the first Cash Loan, on the date the new Cash Loan is posted to your Account. Finance charges accrue on a new Cash Advance and the related cash advance fee as soon as the Cash Advance is made. Amounts we must pay to protect the security of our Deed of Trust will earn finance charges at the ANNUAL PERCENTAGE RATE applicable during default as soon as we make the advance.

**5. Minimum Payment.** You agree to pay either the entire outstanding balance ("New Balance") indicated on your monthly statement or in monthly payments. During the period you are permitted to obtain new Cash Loans ("Draw Period"), the minimum monthly payment ("Minimum Payment Due") you must pay will be equal to just the unpaid finance charges that have accrued during the billing cycle, without any provision for reduction of the unpaid principal balance. You can always pay more if you wish. At the end of the Draw Period and continuing until you have paid the unpaid principal balance in full, your Minimum Payment Due will be fixed at an amount equal to interest only for 60 equal monthly payments followed by a balloon payment of all unpaid principal. If you default and we must advance other sums to protect the security of our Deed of Trust, you agree to pay these amounts in full together with the next regularly scheduled Minimum Payment Due.

**6. Fees.**

(a) *Late Payment Fee:* Your Minimum Payment Due will be past due if it is not received by us on or before the Payment Due Date shown on each monthly statement. A late charge of 10% of the payment with a minimum of $10.00 will be charged to your Account if at least the Minimum Payment Due, including unpaid payments, is not received by us within 10 days after the Payment Due Date.

(b) *Fee for Documents:* If you request a copy of a statement, Cash Loan request or other document not in connection with a billing error, we will charge your Account the sum of $15.00 for each copy.

(c) *Annual or Initial Fees:* You agree to pay, by a debit to your Account, the following initial, non-refundable fees to set up this Account:

| Description | Amount | Description | Amount |
|---|---|---|---|
| Setup Fee | $1500 | Funding Fee | $675 |
| Loan Fee | $8666 | Appraisal Fee | $350 |
| Processing | $750 | FedEx/Delivery | $50 |
| Title and Recording Fees | $850 | Doc. Prep. Fee | $25 |
| Disbursement Fee | $550 | Notary Fee | $225 |
| Certified Funds Fee | $44 | | |

BORROWER(S) INITIALS _F.R.J._
_A.M._

Exhibit 1

You agree to pay the exact amount of any initial fee that is estimated. There are no annual fees on this account, but you will pay a cash advance fee for new Cash Loans.

(d) *Returned Payment Check Fee:* If you make payment by check and a check is returned unpaid for any reason, your Account will be charged $25.00 for each returned check.

7. **Draw and Repayment Periods.** You may add Cash Loans to your Account for up to 36 months so long as you own your home and you are not in default ("Draw Period"). Thereafter ("Repayment Period"), you must pay at least the Minimum Payment until the Unpaid Balance is paid in full or the maturity date of 03/27/2015//, whichever occurs first. On written notice to you we can extend your Draw Period or your Repayment Period, but we are not obligated to do so.

8. **Application of Payment.** We will determine the method of applying your payments and credits to your Account.

9. **Security.** All of your obligations under this Agreement are secured by a deed of trust ("Deed of Trust") on your home located at:

**1342 Elmwood Street, Garden Grove, CA, 92843.**

You may buy property insurance from anyone that is acceptable to us. You will provide proof you are insured under the policy. The Deed of Trust allows us to declare a default if you sell or transfer your home without our prior written consent (you are the "Trustor," we are the "Beneficiary," and the "Property" is your home in the following quotation):

> *TRANSFER: If Trustor voluntarily sells or conveys the above-described Property, fully or partially, or any interest in it or, by some act or means divest themselves of title to the Property without obtaining the written consent of Beneficiary, Trustor shall be in default and Beneficiary may, at its option, declare the entire unpaid balance of the loan and accrued but unpaid interest immediately due and payable.*

10. **Events of Default.** You will be in default under this Agreement if any of the following events occurs: (a) if you fail to comply with the Minimum Payment or any other terms or conditions of this Agreement; (b) if you die and you are the only Account holder or if an Account holder survives you, we deem the security for the Account adversely affected; (c) you sell or transfer your home; (d) if you fail to maintain the insurance required by the Deed of Trust; (e) if a lien senior to our Deed of Trust on your home forecloses; (f) if your home is taken by eminent domain; (g) if you commit waste or otherwise destructively use or fail to maintain your home such that the action adversely affects the security of our Deed of Trust; (h) if you use your home illegally and such use subjects your home to seizure by governmental authorities; (i) if you move out of your home and your non-occupancy adversely affects the security for the Account; and (j) you fail to pay property taxes and other assessment liens on your home that are senior to the Deed of Trust.

11. **Entire Balance Due.** If you are in default, we may do one or more of the following: (i) require that you immediately pay the outstanding balance with interest due on this balance, at the **ANNUAL PERCENTAGE RATE** provided above, until paid; (ii) we can terminate your right to obtain additional Cash Loans or (ii) we can raise your **ANNUAL PERCENTAGE RATE** to 23.99% during the period you are in default. We may exercise one of these options without giving up our right to exercise another option if your default continues. If we demand full payment of the outstanding balance and you fail to immediately make payment, you agree to pay all collection costs, including our attorney's fees.

12. **Transfer of Account.** You cannot transfer or assign your Account to any other person.

13. **Notice to Joint Applicants.** Each applicant has the right to use this Account to the extent of the Maximum Credit Limit and may be liable for all amounts extended under this Account to any joint applicant.

14. **Change of Address.** You agree to advise us promptly if you change your mailing address. All written notices and statements from us to you will be considered given when placed in the United States mail, postage prepaid, and addressed to you at your current address as it appears in our records.

15. **Irregular Payments.** We may accept late payments or partial payments or checks, drafts or money orders marked "Payment in Full" without losing any of our rights under this Agreement.

16. **Amendments.** We may make insignificant changes to this Agreement at any time or changes that unquestionably benefit you, as long as we give you advance written notice as required by law.

17. **Cancellation.** You can cancel your account at any time by giving us notice and paying in full all sums due on your Account. Your obligation under this Agreement, including our security interest in your home, and any changes made under this Agreement prior to cancellation will continue to apply until you have paid all the money you owe on the Account.

18. **Other Provisions.** Each of you who signed this Agreement or use the Account is individually and jointly obligated for all payments due under this Agreement. The Account has been applied for, considered, approved and issued in the State of California and all extensions of credit are being made from the State of California. You agree that this Agreement shall be governed by and interpreted under California and Federal law. If any part of this agreement is found not valid, all other parts will remain enforceable.

19. **Tax Consequences.** You should consult a tax advisor about the deductibility of interest and other charges under this Agreement.

20. **Cancellation Fee.** If you cancel your Credit Line Account during the first thirty-six (36) months following the Initial Disbursement Date you will be charged a cancellation fee as follows:

.125% of the original line amount or $450.00, whichever is greater, regardless of whether cancellation is voluntary or involuntary.

*SEE FOLLOWING PAGE FOR ADDITIONAL PROVISIONS, IMPORTANT INFORMATION AND SIGNATURES*

BORROWER(S) INITIALS _F.R.!_____

_A.H._

Exhibit 1

## YOUR BILLING RIGHTS - KEEP THIS NOTICE FOR FUTURE USE

This notice contains important information about your rights and our responsibilities under the Fair Credit Billing Act.

**Notify Us In Case Of Errors or Questions about Your Bill**

If you think your bill is wrong, or if you need more information about a transaction on your bill, write to us on a separate sheet at the address listed the bill. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information.

- Your full name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are not sure about.

If you have authorized us to pay your bill automatically from your savings or checking account, you can stop the payment on any amount you think is wrong. To stop the payment your letter must reach us by three business days before the automatic payment is scheduled to occur.

**Your Rights and Your Responsibilities after We Receive Your Written Notice.**

We must acknowledge your letter within 30 days, unless we have corrected the error by then. Within 90 days, we must either correct the error or explain why we believe the bill was correct.

After we receive your letter, we cannot try to collect any amount you question, or report you as delinquent. We can continue to bill you for the amount you question, including finance charges, and we can apply any unpaid amount against your credit limit. You do not have to pay any questioned amount while we are investigating, but you are still obligated to pay the parts of your bill that are not in question.

If we find that we made a mistake on your bill, you will not have to pay any finance charges related to any questioned amount. If we didn't make a mistake, you may have to pay finance charges, and you will have to make up any missed payments on the questioned amount. In either case, we will send you a statement of the amount you owe and the date that it is due.

If you fail to pay the amount that we think you owe, we may report you as delinquent. However, if our explanation does not satisfy you and you write to us within ten days telling us that you still refuse to pay, we must tell anyone we report you to that you have a question about your bill. We must tell anyone we report to that the matter has been settled between us when it finally is.

If we don't follow these rules, we can't collect the first $50 of the questioned amount, even if your bill was correct.

**21. California Notice.** California law requires that we notify you that if you fail to fulfill the terms of your credit obligation, a negative credit report reflecting your credit record may be submitted to a credit reporting agency.

By signing below, you agree to all of the above terms and conditions and certify that you have received a completed copy of this Agreement and two copies of a Notice of Right to Cancel this Agreement on the date shown below.

_Francisco Ramirez_   April/30/2007
Francisco Ramirez                DATE

_Aurora Mendez_   April/30/2007
Aurora Mendez                DATE

*CFL lenders check below:*

[x]    FOR INFORMATION CONTACT THE DEPARMENT OF CORPORATIONS, STATE OF
CALIFORNIA

Exhibit 1

# EXHIBIT 2

Exhibit 2

RECORDING REQUESTED BY
FIRST AMERICAN TITLE COMPANY
RESIDENTIAL DIVISION

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:
HOMESAVERS
3200 El Camino Real, Suite 240
Irvine, CA 92602

Recorded In Official Records, Orange County
Tom Daly, Clerk-Recorder

**30.00**

**2007000323474 11:20am 05/18/07**
122A 49 D11 A36 7

0.00 0.00 0.00 0.00 18.00 0.00 0.00 0.00

_____ SPACE ABOVE THIS LINE FOR RECORDER'S USE _____

Loan No. Redac
Title Order No. 2776471-/ᴧᴜ

### LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS FOR
### HOME EQUITY REVOLVING LINE OF CREDIT

**THIS DEED OF TRUST** made this 27 day of  April,  2007   between
Francisco Ramirez and Aurora Mendez, Husband and Wife as Joint Tenants herein called **TRUSTOR**
whose address is 1342 Elmwood Street, Garden Grove, CA, 92843
First American Title Company., a California corporation, herein called **TRUSTEE** and **Homesavers**, a California corporation,
whose address is 3200 El Camino Real, Suite 240, Irvine, CA 92602, herein called **BENEFICIARY**.

**Witnesseth,** That TRUSTOR IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH
POWER OF SALE that property in ORANGE County, California
described as (the "Property"):
    See Exhibit "A" Legal Description Attached Hereto and Made Part Hereof
TOGETHER WITH the rents, issues and profits thereof, SUBJECT HOWEVER, to the right, power and authority given to and
conferred upon Beneficiary in Paragraph 10 below to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING:
    (A)    Performance of each agreement of Trustor contained in this Deed of Trust.        .
    (B)    Payment of the indebtedness evidenced by a Home Equity Credit Line Revolving Loan Agreement (hereinafter
referred to as "AGREEMENT") of even date herewith in the initial principal amount of $65,000.00 but subject to increase to a
maximum of $72,222.00, executed by Trustor in favor of Beneficiary or order, and any extension or renewal thereof. The
AGREEMENT is a revolving line of credit enabling the Trustor to redraw sums previously repaid, to be secured hereby, pursuant to
the terms of the AGREEMENT and this Deed of Trust.
STATEMENT OF OBLIGATION: Beneficiary may collect the then maximum fee provided by Section 2943 of the California Civil Code
for furnishing a statement of obligation.
TRANSFER: If Trustor voluntarily sells or conveys the above-described Property, fully or partially, or any interest in it or, by some act or
means divest themselves of title to the Property without obtaining the written consent of Beneficiary, Trustor shall be in default and
Beneficiary may, at its option, declare the entire unpaid balance of the loan and accrued but unpaid interest immediately due and payable.
**TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR ALSO AGREES:**
    (1) To keep the Property in good condition and repair; not to remove or demolish any building thereon; to complete or restore
promptly in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due
all claims for labor performed and materials furnished therefor; to comply with all laws affecting said Property or requiring any alteration
or improvement to be made thereon; not to commit or permit waste thereon; not to commit, suffer or permit any act upon said Property in
violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said Property may
be reasonably necessary, the specific enumeration herein not excluding the general.
    (2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to it and with loss payable to Beneficiary. The
amount collected under any first or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such
order as Beneficiary may determine, or at option of Beneficiary, the entire amount so collected or any part thereof may be released to
Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant
to such notice.
    (3)  To appear in and defend any action or proceeding purporting to alter the security hereof or the rights or powers of
Beneficiary or Trustee; and to pay all costs and expenses, including costs of evidence of title and attorney's fees in a reasonable sum in
any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to enforce this Deed of
Trust.

BORROWER(S) INITIALS _F.R.I_
                                  _A.M._

ORANGE,CA
Document: TD 2007.323474

Page 1 of 7

Exhibit

Exhibit 2

(4)  To pay at least ten days before delinquency all taxes and assessments affecting said Property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said Property or any part thereof, which appear to be prior to or superior hereto; and all costs, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said Property for such purpose, appear in and defend any action or proceeding purport to affect the security hereof or the rights or powers of Beneficiary or Trustor, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be proper or superior hereto, and in exercising any such power, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with finance charges from date of expenditure at the applicable Annual Percentage Rate in the AGREEMENT, and to pay for any statement provided by laws in effect at the date hereof regarding the obligation secured hereby any amount demanded by Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)  That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7)  That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That any time and from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and said AGREEMENT for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said Property; consent to the making of any map or plat thereof; join in granting any easement thereon or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)  That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed of Trust and said AGREEMENT to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the Property then held hereunder.  The recitals in such reconveyance of any matters of fact shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may be described as, "the person or persons legally entitled thereto."  Five years after issuance of such full reconveyance, Trustee may destroy said AGREEMENT and the Deed of Trust unless directed in such request to retain them.

(10)  That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said Property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person or by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said Property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including attorney's fees upon any indebtedness secured hereby, and in such order as Beneficiary may determine.  The entering upon and taking possession of said Property, the collection of such rents, issues and profits and the application thereof as aforesaid shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor under the AGREEMENT, Beneficiary may declare all sums secured hereby immediately due and payable by delivering to Trustee a written declaration of default and demand for sale and a written notice of default and election to cause to be sold said Property, which notice Trustee shall cause to be filed for record.  Beneficiary also shall deposit with Trustee this Deed of Trust, the AGREEMENT and all documents evidencing expenditures secured herein.  After the lapse of such time as may then be required by law following recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand upon Trustor, shall sell the Property at the time and place fixed by or in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of Sale. Trustee may postpone sale of all or any portion of said Property by public announcement at the time fixed by the preceding postponement.  Trustor shall deliver to such purchaser its deed conveying the Property, but without covenant or warranty, express or implied.  The recitals in such deed of any matters of fact shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary, as hereinafter defined, may purchase at such sale.  After deducting all costs, fees and expenses of Trustor and of this Trust, including costs of evidence of title in connection with sale, Trustor shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued finance charges at the applicable Annual Percentage Rate in the AGREEMENT; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

BORROWER(S) INITIALS *F.R.R.*

*A.M.*

ORANGE,CA                              Page 2 of 7
Document: TD 2007.323474

Exhibit

Exhibit 2

(12)  Beneficiary or any successor in ownership of any indebtedness secured hereby, may from time to time, in an instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instruments executed by Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said Property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.  Such instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page when this Deed of Trust is recorded and the name and address of the new Trustee.

(13)  That this Deed of Trust applies to, inures to the benefit of and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary means the owner and holder, including pledgees, of the AGREEMENT secured hereby, whether or not named as Beneficiary herein.  In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and or neuter, and the singular number includes the plural.

(14)  That Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereof of a pending sale under any other deed of trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

(15)  If this Deed of Trust is secured by condominium, community apartment, stock cooperative leasehold or planned unit development, Trustor agrees to comply with all recorded declaration of covenants, conditions and restrictions, association bylaws, and association rules and regulations, and, upon written request from Beneficiary, to enforce the same as against other owners in such developments.

(16)  If the Deed of Trust is secured by a lease, Trustor agrees not to amend, change, modify or waive his or her interest therein, or agree to do so or to breach the lease without the written consent of Beneficiary. If this covenant is breached and the security for this Deed of Trust is materially and adversely affected, Beneficiary shall have the option to declare all sums owed under the AGREEMENT and this Deed of Trust, immediately due and payable in full.

BORROWER(S) INITIALS *F.R.R./*
*A. M*

ORANGE,CA
Document: TD 2007.323474

Page 3 of 7

Exhibit

Exhibit 2

TRUSTOR REQUESTS THAT A COPY OF ANY NOTICE OF DEFAULT AND OF ANY NOTICE OF SALE BE MAILED
TO TRUSTOR AT TRUSTOR'S ADDRESS SET FORTH ON THE FRONT OF THIS DEED OF TRUST.
SIGNATURES OF TRUSTOR(S):

_Francisco Ramirez_  Abril/30/2007.
Francisco Ramirez            Date

_Aurora Mendez_  Abril/30/2007
Aurora Mendez            Date

STATE OF CALIFORNIA        )
                           ) ss.
COUNTY OF Orange           )

On 4/30/2007          , 200__ before me Kelsey A Pritchard         , notary public, personally
appeared Francisco Ramirez   and   Aurora Mendez                                       personally
known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their
signature(s) on the instrument the person(s) or the entity upon behalf of the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

                                    _____
                                    Signature of Notary Public

KELSEY A. PRITCHARD
Commission # 1659902
Notary Public - California
Orange County
My Comm. Expires Jan 21, 2010

ORANGE,CA                           Page 4 of 7
Document: TD 2007.323474

Exhibit

Exhibit 2

**GOVERNMENT CODE 27361.7**

I CERTIFY UNDER PENALTY THAT THE NOTARY SEAL ON THE DOCUMENT TO WHICH
THIS STATEMENT IS ATTACHED READS AS FOLLOWS:

| | |
|---|---|
| NAME OF NOTARY: | KELSEN A PRITCHARD |
| DATE COMMISSION EXPIRES: | JANUARY 21, 2010 |
| COUNTY WHERE BOND IS FILED: | ORANGE |
| COMMISSION NUMBER: | 1639902 |
| VENDOR NO: | NNA1 |
| PLACE OF EXECUTION: | ORANGE |

SIGNATURE:

FIRST AMERICAN TITLE INSURANCE COMPANY
ASHLEY AEGERTER

ORANGE,CA
Document: TD 2007.323474

Page 5 of 7

Exhibit

Exhibit 2

# EXHIBIT "A"

THE FOLLOWING DESCRIBED REAL PROPERTY IN THE CITY OF Garden Grove, COUNTY OF ORANGE, STATE OF CALIFORNIA:

See Exhibit "A" attached hereto and incorporated herein.

APN#                          100-103-10

SUBJECT:                      1342 Elmwood Street, Garden Grove, CA, 92843

BORROWER(S) INITIALS *F.R.R.*
*A.M.*

ORANGE,CA                          Page 6 of 7
Document: TD 2007.323474

Exhibit 2

Title Order Number:
File Number:        O-MV-2776471

**Exhibit "A"**

Real property in the City of Garden Grove, County of Orange, State of California, described as follows:

LOT 28 OF TRACT 1989, IN THE CITY OF GARDEN GROVE, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 57, PAGES 16 AND 17 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 100-103-10

ORANGE,CA                    Page 7 of 7                    Printed on 3/5/2014 12:58:51 PM
Document: TD 2007.323474

# Exhibit B

# Exhibit 2

# EXHIBIT 3

Exhibit 3



*First American Title Company*

26440 La Alameda, Suite 250 • Mission Viejo, CA 92691-6304

*Disbursement Statement*

| | |
|---|---|
| **Property:** 13422 Elmwood Street, Garden Grove, CA 92843 | **File**  O-MV-2776471 |
| | **Print Date:**    5/21/2007, 9:19 AM |
| **To:**  Orion Capital Finance | |
| 3200 El Camino Real, Suite 240 | |
| Irvine, CA 92602-1381 | |
| **Reference:**  RAMIREZ | |

| Charge Description | Charge | Credit |
|---|---|---|
| **Deposits:** | | |
| Receipt No.17603 on 05/18/2007 by ORION CAPITAL FINANCE | | 28,867.73 |
| Subtotal: | 28,867.73 | |
| | | |
| **Payoff Loan(s):** | | |
| Lender: AMC Mortgage Services, Inc. | | |
| Principal Balance  - AMC Mortgage Services, Inc. | 17,780.99 | |
| Interest on Payoff Loan  @$0.000000/day - AMC Mortgage Services, Inc. | | |
| Subtotal: | 17,780.99 | |
| | | |
| Lender: Internal Revenue Service | | |
| Principal Balance  - Internal Revenue Service | 11,354.31 | |
| Subtotal: | 11,354.31 | |
| | | |
| **Title/Escrow Charges:** | | |
| 104.J - First American Title Company | 125.00 | |
| Special Messenger Service - First American Title Company | 21.28 | |
| ALTA Extended Loan Policy 1992 - 1 - First American Title Company | 370.00 | |
| Sub-Escrow Fee - First American Title Company | 60.00 | |
| Overnight Mail Service - First American Title Company | 36.00 | |
| Record Trust Deed - 1 - First American Title Company | 24.00 | |
| Subtotal: | 636.28 | |
| | | |
| Due From Orion Capital Finance | | 903.85 |
| | | |
| Totals: | 29,771.58 | 29,771.58 |

Page 1 of 1

- 19 -

**Exhibit 3**

# EXHIBIT 4

Exhibit 4

Order No. 2776471
Escrow No.
Loan No. 1682

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

|||||||||||||||||||||||||||||||||||||||||||||    12.00

**2007000342332 09:59am 05/29/07**

118 59 A32 3

0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

WHEN RECORDED MAIL TO:
Homesavers
3200 El Camino Real Suite 240
Irvine, CA 92602

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned grants, assigns and transfers to:

*TTR Investment, Inc Profit Sharing Plan, as to an undivided 100% interest.*

All beneficial interest under that certain Deed of Trust dated *04/27/2007* executed by *Francisco Ramirez and Aurora Mendez*, Trustor, to Foreclosure Consultants, Inc, Trustee, and recorded *05/18/2007* as Instrument No. *07-323474* of Official Records in the office of the County Recorder of *Orange*, California, describing land therein as:

See Exhibit "A" Legal Description Attached Hereto and Made Part Hereof

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated 05/18/07

THIS INSTRUMENT FILED FOR RECORD BY
FIRST AMERICAN TITLE INSURANCE COMPANY
AS AN ACCOMMODATION ONLY. IT HAS NOT
BEEN EXAMINED AS TO ITS EXECUTION OR
AS TO ITS EFFECT UPON THE TITLE

STATE OF CALIFORNIA
COUNTY OF Orange

Homesavers

Kristine Taylor

On 5/22/07 before me,
Sonya Tafolla, Notary Public
personally appeared Kristine Taylor
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

SONYA S. TAFOLLA
COMM. # 1689241
NOTARY PUBLIC-CALIFORNIA
Orange County
MY COMM. EXP. OCT. 17, 2010

WITNESS my hand and official seal.

Signature Sonya S. Tafolla

(This area for official notarial seal)

1071 (1/94)

Exhibit 4

## GOVERNMENT CODE 27361.7

**I CERTIFY UNDER PENALTY OF PERJURY THAT THE NOTARY
SEAL ON THE DOCUMENT TO WHICH THIS STATEMENT IS
ATTACHED READS AS FOLLOW:**

NAME OF NOTARY: _Sonya S. Tafolla_

COUNTY WHERE BOND IS FILED: _Orange_

DATE COMMISSION EXPIRES: _October 17, 2010_

COMMISSION NO: _1699241_

MANUFACTURERS/VENDOR NO: _VSI1_

PLACE OF EXECUTION:  MISSION VIEJO, CALIFORNIA
DATE: _5-28-07_

BY: _____
ASHLEY AEGERTER
**FIRST AMERICAN TITLE INSURANCE COMPANY**

Exhibit 4

Title Order Number:
File Number:        O-NV-2775471

## Exhibit "A"

Real property in the City of Garden Grove, County of Orange, State of California, described as follows:

LOT 28 OF TRACT 1989, IN THE CITY OF GARDEN GROVE, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 57, PAGES 16 AND 17 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 100-103-10

Exhibit 4

# EXHIBIT 5

Exhibit 5

15.00

RECORDING REQUESTED BY:

**First American Title Insurance Company**

WHEN RECORDED MAIL TO:
**California TD Specialists**
**8190 East Kaiser Blvd.**
**Anaheim Hills, California 92808**

*$R0006270468$*
2013000591593 12:05 pm 10/21/13
276 404 N15 F13  3
0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.00

8368Ce 93

TS No.: 80253          Loan No.: H399014865          SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE
**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN
YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,**
and you may have the legal right to bring your account in good standing by paying all of your past due payments
plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is
normally five business days prior to the date set for the sale of your property. No sale date may be set until
approximately 90 days from the date this notice of default may be recorded (which date of recordation appears
on this notice).

This amount is **$56,074.88** as of 10/17/2013, and will increase until your account becomes current. While
your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by
your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the
property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or
mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good
standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide
reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire
amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full
payment was demanded, but you must pay all amounts in default at the time payment is made. However, you
and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted
(which may not be earlier than three months after this notice of default is recorded) to, among other things. (1)
provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a
schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation
being foreclosed upon or a separate written agreement between you and your creditor permits a longer period,
you have only the legal right to stop the sale of your property by paying the entire amount demanded by your


80253


TS-NOD          Document1          130520

Exhibit 5

creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**The Beneficiary**
**C/O California TD Specialists**
**8190 East Kaiser Blvd.**
**Anaheim Hills, California 92808**
**Phone: (714) 283-2180**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

**Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That **CALIFORNIA TD SPECIALISTS** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 4/27/2007, executed by **FRANCISCO RAMIREZ AND AURORA MENDEZ, HUSBAND AND WIFE AS JOINT TENANTS**, as Trustor, to secure certain obligations in favor of **HOMESAVERS, A CALIFORNIA CORPORATION**, as beneficiary, recorded 5/18/2007, as Instrument No. 2007000323474, in Book N/A, Page N/A, of Official Records in the Office of the Recorder of **Orange** County, California describing land therein as: As more fully described on said Deed of Trust.

Including one **NOTE(S) FOR THE ORIGINAL** sum of $65,000.00, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:
     Installment of Principal and Interest plus impounds and/or advances which became due on 7/1/2008 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable. **ADVANCES TO SENIOR LIENS, INTEREST INSURANCE, TAXES AND DELINQUENT TAXES AND/OR INSURANCE PREMIUMS TO BE ADVANCED BY THE BENEFICIARY AFTER THE RECORDING OF THE NOTICE OF DEFAULT. AS A CONDITION OF REINSTATEMENT, ALL SENIOR LIENS, PROPERTY TAXES AND FIRE INSURANCE PREMIUMS MUST NOT BE DELINQUENT AND MUST HAVE A CURRENT PAID STATUS.**

     That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**The mortgage servicer/lender has supplied reliable and competent evidence to substantiate the borrower's default and its right to foreclose.**

Dated: 10/17/2013

CALIFORNIA TD SPECIALISTS

BY: _Pam Downings_
     PAM DOWNINGS, FORECLOSURE TECHNICIAN

Exhibit 5

## Declaration of Mortgage Servicer Pursuant to
## Civil Code Section 2923.5(b) or 2923.55(c)

Borrower(s): Francisco Ramirez and Aurora Ramirez HWJT

Loan Number: H399014865

Mortgage Servicer: FCI Lender Services

Property Address: 13422 Elmwood Street, Garden Grove, CA 92843

Trustee Sale Number:    80253

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

○  1. The mortgage servicer has contacted the borrower pursuant to California Civil Code Section 2923.5(a)(2) or Section 2923.55(b)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

○  2. Despite the exercise of due diligence pursuant to California Civil Code Section 2923.5(e) or Section 2923.55(f), the mortgage servicer has been unable to contact the borrower to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

○  3. No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code Section 2920.5.

◉  4. The requirements of California Civil Code Section 2923.5 or Section 2923.55 do not apply because the loan is not secured by a first mortgage or first deed of trust that secures a loan, or that encumbers real property, described in California Civil Code Section 2924.15(a).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

| FCI Lender Services | Oct 10, 2013 |
| Mortgage Servicer | Date: |
| Mena Paz T. Urrutia | Standard Servicing, Unit Manager |
| Name (Print) | Title (Print) |

Signature

TD10-HBR-Declaration-20130213

Page 1 of 1

- 27 -

Exhibit 5

# EXHIBIT 6

Exhibit 6

22

RECORDING REQUESTED BY
Gregory L. Bosse, Esq.

AND WHEN RECORDED MAIL TO
Law Offices of Gregory L. Bosse
Name  Gregory L. Bosse
Street
Address  940 W. 17th Street, Suite F

City &
State  Santa Ana, CA 92706

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

||||||||||||||||||||||||||||||||||||| 12.00
* S R 0 0 0 7 1 1 9 6 5 4 $ *

2014000507677 10:25 am 11/25/14
62 415 A32 F13   2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

Assessors Parcel Number:  100-103-10

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TRA:

ASSIGNMENT OF DEED OF TRUST
TITLE OF DOCUMENT

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
($3.00 ADDITIONAL RECORDING FEE APPLIES)

Exhibit 6

WHEN RECORDED MAIL TO:
Investment Consultants, Inc. a Nevada
corporation
400 South Jones Blvd.
Las Vegas, NV 89107

SPACE ABOVE THIS LINE FOR RECORDER'S USE

APN: 100-103-10

# ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned grants, assigns and transfers to:

INVESTMENTS CONSULTANTS, INC., a Nevada corporation,

all beneficial interest under that certain Deed of Trust dated APRIL 30, 2007, executed by FRANCISCO RAMIREZ AND AURORA MENDEZ, husband and wife as Community Property Trustor(s), to FIRST AMERICAN TITLE COMPANY, a California corporation, Trustee, and recorded MAY 18, 2007, as Instrument No. 2007000323474, of Official Records in the office of the County Recorder of Orange County, California. describing land therein as:

REAL PROPERTY IN THE CITY OF GARDEN GROVE, COUNTY OF ORANGE, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

LOT 28 OF TRACT 1989, IN THE CITY OF GARDEN GROVE, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 57, PAGES 16 AND 17 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

COMMONLY KNOWN AS:

1342 ELMWOOD STREET, GARDEN GROVE, CA 92843

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated: _1/28/14_

TTR INVESTMENTS, INC. PROFIT SHARING PLAN

TIMOTHY RACICH, its President

STATE OF ~~CALIFORNIA~~ Nevada THA
COUNTY OF ~~ORANGE~~ Washoe Cli NA

On 20 Nov 14, before me, Travis Y Harrison-Adcock, a Notary Public, personally appeared Tim Racich, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

TRAVIS Y. HARRISON-ADCOCK
Notary Public, State of Nevada
Appointment No. 12-6501-2
My Appt. Expires Oct 27, 2015

Exhibit 6

# EXHIBIT 7

Exhibit 7

☐ **CORRECTED** (if checked)

| RECIPIENT'S/LENDER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone number | Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901 **2015** Form **1098** | **Mortgage Interest Statement** |
|---|---|---|---|

Palash Investment Group
4640 W. 17th Street, Suite F
Santa Ana, CA 92706
(714) 550-8555

| RECIPIENT'S federal identification no. | PAYER'S social security number | 1 Mortgage interest received from payer(s)/borrower(s) | **Copy B** |
|---|---|---|---|
| 56-2590631 | 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 | $16,832.05 | **For Payer/Borrower** |

PAYER'S/BORROWER'S name

Francisco Ramirez

| | 2 Points paid on purchase of principal residence | The information in boxes 1, 2, and 3 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return. |
|---|---|---|
| Street address (including apt. no.) | $ N/A | |
| | 3 Refund of overpaid interest | |
| 13422 Elmwood Street | $ N/A | |
| City or town, state or province, country, and ZIP or foreign postal code | 4 | |
| Garden Grove, CA 92843 | | |

| Account number (see instructions) | 5 | |
|---|---|---|
| N/A | | |

Form **1098**      (keep for your records)      www.irs.gov/form1098      Department of the Treasury - Internal Revenue Service

Exhibit 7

☐ **CORRECTED (if checked)**

| RECIPIENT'S/LENDER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | *Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901<br><br>**2016**<br><br>Form **1098** | |
|---|---|---|---|
| Paladin Investment Group<br>940 W. 17th Street, Suite F<br>Santa Ana, CA  92706<br>(714) 350-9555 | | | **Mortgage<br>Interest<br>Statement** |
| | **1** Mortgage interest received from payer(s)/borrower(s)*<br>$  18,910.00 | | **Copy B**<br>For Payer/<br>Borrower |
| RECIPIENT'S/LENDER'S federal identification number<br>55-2590631 | PAYER'S/BORROWER'S taxpayer identification no.<br>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 | **2** Outstanding mortgage principal as of 1/1/2016.<br>$ | **3** Mortgage origination date<br>Dec. 2014 |
| | | **4** Refund of overpaid interest<br>$  N/A | **5** Mortgage insurance premiums<br>$  N/A |
| PAYER'S/BORROWER'S name<br>Francisco Ramirez | | **6** Points paid on purchase of principal residence<br>$  N/A | |
| Street address (including apt. no.)<br>13422 Elmwood Street | | **7** Is address of property securing mortgage same as PAYER'S/BORROWER'S address?<br>If Yes, box is checked<br>If No, see box 8 or 9, below. | ☐ |
| City or town, state or province, country, and ZIP or foreign postal code<br>Garden Grove, CA  92843 | | **8** Address of property securing mortgage<br>3422 Elmwood Street<br>Garden Grove, CA  92843 | |
| **10** Other<br>N/A | | **9** If property securing mortgage has no address, below is the description of the property. | |
| Account number (see instructions)<br>N/A | | | |

Form **1098**          (Keep for your records)          www.irs.gov/form1098          Department of the Treasury - Internal Revenue Service

The information in boxes 1 through 9 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points, reported in boxes 1 and 6; or because you didn't report the refund of interest (box 4); or because you claimed a non-deductible item.

---

GREGORY L. BOSSE

92843326547 C062

WELLINGTON SQUARE
940 WEST 17TH STREET, SUITE F
SANTA ANA, CALIFORNIA 92706



02 1P
0001876040
MAILED FROM ZI

Francisco Ramirez
13422 Elmwood Street
Garden Grove, CA  92843

Exhibit 7

# EXHIBIT 8

Exhibit 8

## Bank of America

**BofA Core Checking - 3004: Account Activity Transaction Details**

| | |
|---|---|
| **Check number:** | 00000000160 |
| **Post date:** | 01/11/2017 |
| **Amount:** | -1,515.50 |
| **Type:** | Check |
| **Description:** | Check |
| **Merchant name:** | Check |
| **Transaction category:** | Cash, Checks & Misc: Checks |

6/22/17 6:51 PM

Exhibit 8

**Bank of America** 〰️

BofA Core Checking – 3004: Account Activity Transaction Details

|  |  |
|---|---|
| **Check number:** | 00000000161 |
| **Post date:** | 02/13/2017 |
| **Amount:** | -1,515.50 |
| **Type:** | Check |
| **Description:** | Check |
| **Merchant name:** | Check |
| **Transaction category:** | Cash, Checks & Misc: Checks |

Aurora Mendez Barajas
13428 Elmwood St
Garden Grove Ca 92843-2647

161

Feb/10/2017 Date

Pay INVESTMENT Consoultan INC                     $ 1515.50

ONE THOUSAND FIVE HUNDRE fifteen and 50 Dollars

**Bank of America** 〰️

For Pay Second of deed of trd.       Aurora A M Mendez

⑈122000358⑈ 00185070300 4⑈0161

PAY TO THE ORDER OF
WELLS FARGO BANK
<122000247>
FOR DEPOSIT ONLY
PALADIN INVESTMENT GROUP
6553985588

Exhibit 8

**Bank of America**

*Online Banking*

### BofA Core Checking – 3004: Account Activity Transaction Details

| | |
|---:|:---|
| **Check number:** | 00000000162 |
| **Post date:** | 03/14/2017 |
| **Amount:** | -1,515.50 |
| **Type:** | Check |
| **Description:** | Check |
| **Merchant name:** | Check |
| **Transaction category:** | Cash, Checks & Misc: Checks |



Aurora Mendez Barajas
13422 Elmwood St
Garden Grove Ca 92843-2647

162

MAR-10-2017

Pay Investment Consultan INC · $ 1515.50
ONE THOUSAND FIVE HUNDRED fifteen and 50/100 Dollars

Bank of America

For Pay Second Deed of Trust    Aurora Mendez

PAY TO THE ORDER OF
WELLS FARGO BANK
<122000247>
FOR DEPOSIT ONLY
PALADIN INVESTMENT GROUP
6555985588

Exhibit 8

**Bank of America**

Online Banking

## BofA Core Checking – 3004: Account Activity Transaction Details

| | |
|---|---|
| **Check number:** | 00000000164 |
| **Post date:** | 04/14/2017 |
| **Amount:** | -1,515.50 |
| **Type:** | Check |
| **Description:** | Check |
| **Merchant name:** | Check |
| **Transaction category:** | Cash, Checks & Misc: Checks |

Aurora Mendez Barajas
13422 Elmwood St
Garden Grove Ca 92843-2647

HELLO KITTY    164

April/10/2017

Pay Invectment Consultan Inc    $ 1515.50

ONE THOUSAND FIVE HUNDRED fefteen

**Bank of America**

For Pay secentof deed of trust    Aurora M. Mendez

⑆121000358⑆ 001850703004⑈0164

PAY TO THE ORDER OF
WELLS FARGO BANK
<122000247>
FOR DEPOSIT ONLY
PALADIN INVESTMENT GROUP
6553985588

1 of 1

Exhibit 8

**Bank of America** 🇺🇸

## BofA Core Checking - 3004: Account Activity Transaction Details

| | |
|---|---|
| **Check number:** | 00000000169 |
| **Post date:** | 05/11/2017 |
| **Amount:** | -1,515.50 |
| **Type:** | Check |
| **Description:** | Check |
| **Merchant name:** | Check |
| **Transaction category:** | Cash, Checks & Misc: Checks |

Aurora Mendez Barajas
13422 Elmwood St
Garden Grove Ca 92843-2647

169

*Mayo/10/2017.*

Pay: *Invesment Consultin Inc*     $ *1515.50*

*One thousend Five Hundred fifteen and 50/100* Dollars

**Bank of America**

For *Pay Second of deed of trust*   *Aurora Mendez*

⑆121000358⑆ 00185070300⑈⑆0169

PAY TO THE ORDER OF
WELLS FARGO BANK
<122000247>
FOR DEPOSIT ONLY
PALADIN INVESTMENT GROUP
6553935588

6/22/17, 6:36 PM

Exhibit 8

**Bank of America** 〰️

Online Banking

## BofA Core Checking - 3004: Account Activity Transaction Details

| | |
|---|---|
| **Check number:** | 00000000169 |
| **Post date:** | 05/11/2017 |
| **Amount:** | -1,515.50 |
| **Type:** | Check |
| **Description:** | Check |
| **Merchant name:** | Check |
| **Transaction category:** | Cash, Checks & Misc: Checks |

Aurora Mendez Barajas
13422 Elmwood St
Garden Grove Ca 92843-3647

169

Mayo/10/2017

Pay ___Invesment Consultin Inc___ | $ 1515.50

___One thousand Five Hundred fifteen and 50/100___ Dollars

**Bank of America** 〰️

For ___Pay Second of deed of trost Ausara Mendez Jr.___

⑆121000358⑆ 00185 07 03004⑈ 0169

PAY TO THE ORDER OF
WELLS FARGO BANK
<122000247>
FOR DEPOSIT ONLY
PALADIN INVESTMENT GROUP
6552915558

Exhibit 8

Bank of America | Online Banking | Accounts | Account Details | A...    https://secure...

# Bank of America

## BofA Core Checking – 3004: Account Activity Transaction Details

| | |
|---|---|
| **Check number:** | 00000000171 |
| **Post date:** | 06/14/2017 |
| **Amount:** | -1,515.50 |
| **Type:** | Check |
| **Description:** | Check |
| **Merchant name:** | Check |
| **Transaction category:** | Cash, Checks & Misc: Checks |

Aurora Mendes Barajas
12422 Elmwood St
Garden Grove Ca 92843-2647

HELLO KITTY

JUNIO/10/2017

Pay INVESMENT CONSULTAN INC.    $ 1515.50

ONE THOUSAND FIVE HUNDRED FIFteen

Bank of America

For PAY Second Deed of Trost    Aurora Mendez

⑈121000358⑈ 0018507030040171

PAY TO THE ORDER OF
WELLS FARGO BANK
<122000247>
FOR DEPOSIT ONLY
PALADIN INVESTMENT GROUP
6553985588

6/22/17, 6:35 PM

Exhibit 8

**Bank of America** 🇺🇸

*Online Banking*

**BofA Core Checking – 3004: Account Activity Transaction Details**

| | |
|---|---|
| **Check number:** | 00000000171 |
| **Post date:** | 06/14/2017 |
| **Amount:** | -1,515.50 |
| **Type:** | Check |
| **Description:** | Check |
| **Merchant name:** | Check |
| **Transaction category:** | Uncategorized: Pending |

Aurora Mendez Borajas
13422 Elmwood St
Garden Grove Ca 92841-2647

HELLO KITTY

Junio/10/2017

Pay *Invesment Consultan INC.*    $ 1515.50

*ONE THOUSAND Five Hundred fifteen and $50 cts*

**Bank of America**

For *Pay Second Deed of Trust*    Aurora Mendez

⑈121000358⑈ 001850703004⑈0171

PAY TO THE ORDER OF
WELLS FARGO BANK
<122000247>
FOR DEPOSIT ONLY
PALADIN INVESTMENT GROUP
6553985588

Exhibit 8

# RECEIPT

FROM:      Aurora Mendez Barajas / Francisco Ramirez

DATE:      June 10, 2017

The Law Offices of Gregory L. Bosse RECEIVED FROM Francisco Ramirez on June 10, 2017, the sum of $1,515.50 in the form of check no. 171 with regard to the second Deed of Trust for the property located at 13422 Elmwood Street, Garden Grove, California 92843.

DATE: June 10, 2017

**Law Offices of**
GREGORY L. BOSSE
940 W. 17th Street, Suite F
Santa Ana, California 92706

Exhibit 8

# EXHIBIT
# 9

Exhbit 9

2895255

## ARTICLES OF INCORPORATION

**FILED**
In the office of the Secretary of State
of the State of California

MAY 22 2006

### OF

### PALADIN INVESTMENT GROUP

#### I

The name of this corporation is PALADIN INVESTMENT GROUP

#### II

The purpose of the corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California other than the banking business, the trust company business or the practice of a profession permitted to be incorporated by the California Corporations Code.

#### III

The name and address in the State of California of this corporation's initial agent for service of process is:

**GREGORY L. BOSSE, ESQ.**
**701 S. PARKER STREET, SUITE 6000**
**ORANGE, CALIFORNIA  92868-4741**

#### IV

This corporation is authorized to issue only one (1) class of shares of stock, designated "common stock"; and the total number of shares which this corporation is authorized to issue is One Hundred Thousand (100,000).

#### V

The liability of the directors of the corporation for monetary damages shall be eliminated to the fullest extent permissible under California Law.

The corporation is authorized to provide indemnification of agents (as defined in Section 317 of the California Corporations Code) for breach of duty to the corporation and shareholders through bylaw provisions or through agreements with the agents, or both, in excess of the indemnification otherwise permitted by Section 317 of the California Corporations Code, subject to the limits on such excess indemnification set forth in Section 204 of the California Corporations Code.

Dated: May 19, 2006

GREGORY L. BOSSE, Incorporator

Exhibit 9



# State of California
## Secretary of State

**S**

### Statement of Information
(Domestic Stock and Agricultural Cooperative Corporations)
FEES (Filing and Disclosure): $25.00.
If this is an amendment, see instructions.
IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM

EX08279

# FILED

In the office of the Secretary of State
of the State of California

**MAR-03 2014**

1. CORPORATE NAME

PALADIN INVESTMENT GROUP

2. CALIFORNIA CORPORATE NUMBER

C2895255

This Space for Filing Use Only.

**No Change Statement** (Not applicable if agent address of record is a P.O. Box address. See instructions.)

3. If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.

☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed to Item 17.

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | 940 W. 17TH STREET SUITE F, SANTA ANA, CA 92706 | | | |
| 5. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | 940 W. 17TH STREET SUITE F, SANTA ANA, CA 92706 | | | |
| 6. MAILING ADDRESS OF CORPORATION, IF DIFFERENT THAN ITEM 4 | | | | |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 7. CHIEF EXECUTIVE OFFICER/ GREGORY L BOSSE | 940 W. 17TH STREETS SUITE F, SANTA ANA, CA 92706 | | | |
| 8. SECRETARY GREGORY L BOSSE | 940 W. 17TH STREET SUITE F, SANTA ANA, CA 92706 | | | |
| 9. CHIEF FINANCIAL OFFICER/ GREGORY L BOSSE | 940 W. 17TH STREET SUITE F, SANTA ANA, CA 92706 | | | |

**Names and Complete Addresses of All Directors, Including Directors Who are Also Officers** (The corporation must have at least one director. Attach additional pages, if necessary.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 10. NAME GREGORY L BOSSE | 940 W. 17TH STREET SUITE F, SANTA ANA, CA 92706 | | | |
| 11. NAME | ADDRESS | CITY | STATE | ZIP CODE |
| 12. NAME | ADDRESS | CITY | STATE | ZIP CODE |

13. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY: 0

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 15 must be completed with a California street address, a P.O. Box address is not acceptable. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 15 must be left blank.

14. NAME OF AGENT FOR SERVICE OF PROCESS

GREGORY L BOSSE

| 15. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 940 W. 17TH STREET SUITE F, SANTA ANA, CA 92706 | | | |

**Type of Business**

16. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION

REAL ESTATE INVESTMENTS

17. BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE CALIFORNIA SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| 03/03/2014 | GREGORY L BOSSE | AGENT/ATTORNEY | |
|---|---|---|---|
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

| SI-200 (REV 01/2013) | Page 1 of 1 | APPROVED BY SECRETARY OF STATE |
|---|---|---|

Exhibit 9

**Alex Padilla**
**California Secretary of State**

 **Business Search - Entity Detail**

The California Business Search is updated daily and reflects work processed through Sunday, July 23, 2017.
Please refer to document <u>Processing Times</u> for the received dates of filings currently being processed. The data
provided is not a complete or certified record of an entity. Not all images are available online.

C2895255    PALADIN INVESTMENT GROUP

| | |
|---|---|
| Registration Date: | 05/22/2006 |
| Jurisdiction: | CALIFORNIA |
| Entity Type: | DOMESTIC STOCK |
| Status: | ACTIVE |
| Agent for Service of Process: | GREGORY L BOSSE |
| | 940 W. 17TH STREET, SUITE F |
| | SANTA ANA CA 92706 |
| Entity Address: | 940 W. 17TH STREET, SUITE F |
| | SANTA ANA CA 92706 |
| Entity Mailing Address: | 940 W. 17TH STREET, SUITE F |
| | SANTA ANA CA 92706 |

A Statement of Information is due EVERY year beginning five months before and through the end of May.

| Document Type ⬍ | File Date ⬍ | PDF |
|---|---|---|
| SI-NO CHANGE | 03/03/2017 | |
| SI-COMPLETE | 03/03/2014 | |
| REGISTRATION | 05/22/2006 | |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked.
  Please refer to California Corporations Code <u>section 2114</u> for information relating to service upon
  corporations that have surrendered.
- For information on checking or reserving a name, refer to <u>Name Availability</u>.
- If the image is not available online, for information on ordering a copy refer to <u>Information Requests</u>.
- For information on ordering certificates, status reports, certified copies of documents and copies of
  documents not currently available in the Business Search or to request a more extensive search for records,
  refer to <u>Information Requests</u>.
- For help with searching an entity name, refer to <u>Search Tips</u>.
- For descriptions of the various fields and status types, refer to <u>Frequently Asked Questions</u>.

Exhibit 9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **525 N. Cabrillo Park Drive, Suite 104, Santa Ana, CA  92701**

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF FRANCISCO RAMIREZ RAMIREZ RE DEBTORS REPLY TO OBJECTIONS TO CONFIRMATION FILED BY TRUSTEE AND INVESTMENT CONSULTANTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **12/06/2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Amrane (SA) Cohen (TR)**    efile@ch13ac.com
- **Sean C Ferry**    sferry@ecf.courtdrive.com, bkyecf@rasflaw.com
- **Fritz J Firman**    firmanweber@Yahoo.com, centralservice.firmanweber@gmail.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **12/06/2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Hon. Catherine E. Bauer – Judge's Copy - 411 W. Fourth St., Suite 5165, Santa Ana, CA 92701 (Overnight via GSO)**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/06/2018 | IMELDA BYNOG | /s/ *Imelda Bynog* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

(714) 541-6072

– 48 –