Misty Perry Isaacson, CA SBN 193204
**PAGTER AND PERRY ISAACSON**
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, California 92701
Telephone: (714) 541-6072
Facsimile:   (714) 541-6897
Email: misty@ppilawyers.com

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>FRANCISCO RAMIREZ RAMIREZ and AURORA MENDEZ BARAJAS,<br><br>Debtors. | Case No.: 8:18-bk-13870-MW<br><br>Chapter 13<br><br>JOINT STATUS REPORT REGARDING REMAND OF THE ORDER ON OBJECTION TO CLAIMS: CLAIM NO. 3 INVESTMENT CONSULTANTS IN THE AMOUNT OF $163,284.01<br><br>Date:   October 7, 2020<br>Time:   9:00 a.m.<br>Ctrm:   5D<br>Place:   411 W. Fourth St.<br>         Santa Ana, CA 92701 |

TO THE HONORABLE MARK S. WALLACE, U.S. BANKRUPTCY JUDGE:

Francisco Ramirez Ramirez and Aurora Mendez Barajas (collectively the "Debtors" or "Movants")) and Investment Consultants, Inc. ("ICI" or "Respondent"), by and through their respective counsel, do hereby submit the following status report regarding their positions and recommendations for this matter:

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

**Brief Summary of the Debtors/Movants' Position:**

The Debtors contend that the record as it currently stands reflects that only $49,956.58 ("Advanced Funds") was advanced by ICI's predecessors under the home equity line of credit ("HELOC") that is the subject of the claim objection. When this amount is properly amortized, including credit for payments and the correct rate of interest applied to the HELOC's principal balance, the outstanding balance owing by the Debtors is significantly less than the amount of $163,284.01 set forth in ICI's proof of claim. In fact, ICI admitted at the hearing on the claim objection that the proof of claim and the calculations therein appear to have been in error. It is the position of the Debtors that in order for ICI to prove the amount of its claim, if any, it should be required to provide documentation and/or an analysis evidencing the calculations set forth in the proof of claim. To date, the Debtors have never received a reconciliation of the HELOC from ICI that properly account for the payments that were made to it.

**Debtors/Movants' Recommendation**

The Debtors believe that this matter should be mediated to assist in determining the proper amount, if any, owing on the HELOC, as well as resolution of additional claims that the Debtors may have against ICI and/or its former counsel. Misty Perry Isaacson, counsel for the Debtors ("Isaacson") spoke with Fritz Firman ("Firman"), counsel for ICI regarding the possibility of mediation and suggested that the parties reach out to the Hon. Meredith A. Jury to see if she would be agreeable to mediate the matter. Judge Jury has agreed to mediate the matter and provided Isaacson with dates in October and November 2020 for the same. Accordingly, the Debtors recommend that a further status conference be scheduled in mid-December 2020 to follow up on the status of the resolution of the claim objection. If the parties are able to resolve the matter at mediation, a proper stipulation and order would be presented to the Court for consideration.

**Brief Summary of the ICI/Respondent's Position:**

The record is insufficient for the Court to determine the amount of the claim. This court is at a disadvantage in that it did not preside at the original hearing. The trial in this

PPI Law
525 N. Cabrillo Park Drive,
Suite 104
Santa Ana, CA 92701

case took no more than four hours. The Court can and should try this matter anew with an order for a thorough pretrial stipulation to limit the remaining issues.

At a minimum, the Court should reopen the hearing and take additional evidence on the issues raised by the BAP on page 29 and page 30 in its memorandum of decision filed in this Court on September 1, 2020 as document number 108.

The Court does not have sufficient evidence to make a reasoned decision consistent with the BAP's mandate. The Court must decide the amount of the claim and it is beyond peradventure that the claim is not zero.

The decision of Judge Bauer was rendered without prejudice and in order to resolve the issues in this case, further evidentiary proceedings must be had.

This Court is free to decide anything not foreclosed by the mandate. Hall v. City of Los Angeles 697 F.3d 1059, 1067.

### ICI/Respondent's Recommendation

The parties have agreed to mediation and agreed upon Judge Jury as the mediator. The parties need to coordinate a date.

Recommendation re Court's order for status conference entered on August 4, 2020.

Investment Consultants Inc. recommends that the Court continue the status conference approximately 60 days to permit the parties to complete mediation with a new status report due on November 25, 2020.

Respectfully submitted,

Date: September 22, 2020                 PAGTER AND PERRY ISAACSON

/s/ Misty Perry Isaacson

Misty Perry Isaacson, Attorneys for
Debtors, Francisco Ramirez Ramirez and
Aurora Mendez Barajas

Date: September 22, 2020                 WEBER FIRMAN

Fritz J. Firman, Attorneys for
Creditor, Investment Consultants, Inc.

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

- 3 -

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **525 N. Cabrillo Park Drive, Suite 104, Santa Ana, CA  92701**

A true and correct copy of the foregoing document entitled (*specify*): **JOINT STATUS REPORT REGARDING REMAND OF THE ORDER ON OBJECTION TO CLAIMS: CLAIM NO. 3 INVESTMENT CONSULTANTS IN THE AMOUNT OF $163,284.01** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **09/23/2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Amrane (SA) Cohen (TR)**    efile@ch13ac.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/23/2020 | IMELDA BYNOG | /s/ *Imelda Bynog* |
|---|---|---|
| Date | Printed Name | Signature |

- 4 -