| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Misty Perry Isaacson, CA SBN 193204<br>PAGTER AND PERRY ISAACSON<br>525 N. Cabrillo Park Drive, Suite 104<br>Santa Ana, CA 92701<br>Telephone (714) 541-6072<br>Facsimile: (714) 541-6897<br>Email: misty@ppilawyers.com | |

☐ *Movant(s) appearing without an attorney*
☒ *Attorney for Movant(s)*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>FRANCISCO RAMIREZ RAMIREZ<br>AURORA MENDEZ BARAJAS,<br><br><br><br><br>Debtor(s). | CASE NO.: 8:18-bk-13870-MW<br>CHAPTER: 13 |
|---|---|
| | **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION**<br><br>**LBR 9013-1(o)(3)** |
| | [No Hearing Required] |

1. I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On *(date)*:  09/15/2021   Movant(s) filed a motion or application (Motion) entitled:  Motion for Order Approving Settlement Agreement between Debtors and Investment Consultants Incorporated re Objection to Proof of Claim No. 3

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On *(date)*:  09/15/2021   Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than   17   days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

8.  No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

9.  Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date:  October  5, 2021 _____            /s/ Misty Perry Isaacson _____
                                                        Signature
                                                         Misty Perry Isaacson _____
                                                        Printed name

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                               Page 2          **F 9013-1.2.NO.REQUEST.HEARING.DEC**

Misty Perry Isaacson, CA SBN 193204
**PAGTER AND PERRY ISAACSON**
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, California 92701
Telephone: (714) 541-6072
Facsimile:  (714) 541-6897
Email: misty@ppilawyers.com

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>FRANCISCO RAMIREZ RAMIREZ and AURORA MENDEZ BARAJAS,<br><br>Debtors. | Case No.: 8:18-bk-13870-MW<br><br>NOTICE OF MOTION AND MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN DEBTORS AND INVESTMENT CONSULTANT INCORPORATED RE OBJECTION TO PROOF OF CLAIM NO. 3<br><br>[NO HEARING REQUIRED LBR 9013-1(o) |

TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE,

OFFICE OF THE UNITED STATES TRUSTEE, AMRANE COHEN, CHAPTER 13 TRUSTEE,

AND ALL OTHER INTERESTED PARTIES:

PLEASE TAKE FURTHER NOTICE that the Francisco Ramirez Ramirez and Aurora

Mendez Barajas (collectively the "Debtors" or "Movants") and Investment Consultants, Inc. ("ICI")

are seeking approval of the following terms of the settlement agreement ("Motion"):

The terms of the settlement agreement provide that:

    A.    The Debtors' loan with ICI will be modified as follows:

        1.    The principal will be $65,000;

        2.    The interest rate will be 7% unless there is a default after notice as set forth

            in the formal agreement, after which the default interest rate will be 8.5%;

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

– 1 –

3.      Interest only monthly payment of $379.16, with the opportunity to prepay

principal with no prepayment penalty;

4.      Balloon payment of all outstanding principal and interest after 7 years (84

months);

B.      Any presently pending foreclosure on the loan held by ICI against the Debtors'

home will be terminated/withdrawn.

C.      The automatic stay of Bankruptcy Code section 362 shall be terminated between

the Parties, such that ICI may take appropriate state court action upon default;

D.      The Debtors will execute a release of all claims against ICI, Gregory Bosse, and

C.P. Fisher, with a California Civil Code section 1542 waiver;

E.      The settlement agreement shall be documented with a formal written agreement

prepared by Debtors' attorney Misty Perry Isaacson, to be approved by the Court; and

F.      The loan modification will be documented with a formal agreement prepared by

ICI or its attorneys.

The Motion is based upon this Notice, the Memorandum of Points and Authorities, the

files and records in this case, all other matters of which this Court may take judicial notice, and

other admissible evidence properly before the Court in connection with this Motion.

PLEASE TAKE FURTHER NOTICE that pursuant to LBR 9013-1(o), any party who

opposes the Motion may request a hearing on the Motion.  The deadline to file and serve a

written opposition and request for a hearing is 14 days after the date of service of this notice,

plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P 5(b)(2)(D) or (F). If

you timely file and serve a written opposition and request for a hearing, Movants will file and

serve a notice of hearing at least 14 days in advance of the hearing.  If you fail to comply with

this deadline: (1) Movants will file a declaration to indicate that the Motion was properly served,

the response period elapsed, and no party filed and served a writing opposition and request for a

hearing within 14 days after the date of service service of the notice; (2) Movants will lodge an

order that the Court may use to grant the Motion; and (3) the Court may treat your failure as a

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

1  waiver of your right to oppose the Motion and may grant the Motion without further hearing and

2  notice.

3  Dated:  September 14, 2021                    Respectfully submitted,

4                                                                PAGTER AND PERRY ISAACSON

5                                                                /s/ Misty Perry Isaacson

6                                                                _____
                                                                   Misty Perry Isaacson, Attorneys for Debtors
7                                                                Francisco Ramirez Ramirez and
                                                                   Aurora Mendez Barajas

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

### MEMORANDUM OF POINTS AND AUTHORITIES

#### I.

### INTRODUCTION

The Debtors and ICI submit this Motion for Order Approving Settlement Agreement and request entry of an order approving the Settlement Agreement and General Release executed by and between the Debtors and ICI.

Under the terms of the Settlement Agreement, the parties have agreed that ICI shall have an allowed secured claim on its note, as modified, and deed of trust secured against the Debtors' residence located at 13422 Elmwood Street, Garden Grove, CA 92843 ("Residence") in the principal amount of $65,000.  The outstanding principal will accrue interest per annum at a rate of seven percent.  The Debtors shall make monthly interest only payments to ICI in the amount of $379.19 beginning on October 1, 2021 and continuing monthly thereafter until November 1, 2029.  A true and correct copy of the settlement agreement and loan modification are attached hereto as Exhibits 1 and 2 respectively to the Declaration of Misty Perry Isaacson ("Isaacson Declaration").

#### II.

### STATEMENT OF FACTS

Debtors filed their Chapter 13 case on October 22, 2018.  On December 31, 2018, ICI filed its proof of claim ("Claim") indicating that it was owed $163,284.01.  On March 29, 2019, the Debtors filed an objection to the same ("Objection").  After a number of hearings on the Debtors' Objection, the Bankruptcy Court set an evidentiary hearing for September 19, 2019.  At the conclusion of the evidentiary hearing, the Bankruptcy Court held that ICI could not validate its Claim and disallowed the same in its entirety.  The Bankruptcy Court entered its order disallowing ICI's Claim on September 27, 2019 ("Order").

ICI appealed the Order disallowing its Claim to the United States Bankruptcy Appellate Panel of the Ninth Circuit ("BAP").  On August 3, 2020, the BAP reversed the Bankruptcy Court's Order and remanded the matter for further proceedings to determine the amount of ICI's Claim.

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

In lieu of further litigation, the parties participated in two half-day mediation sessions before the Hon. Meredith A. Jury, retired U.S. Bankruptcy Judge for the Central District of California.  On November 9, 2020 the parties were able to settle the Debtors' Objection and executed a term sheet that was prepared by Judge Jury.  Thereafter, the parties entered into a Settlement Agreement and Loan Modification, which terms are set forth below and incorporated by reference in the Isaacson Declaration.

III.

**<u>LEGAL ARGUMENT</u>**

The Court of Appeals for the Ninth Circuit has long recognized that "[t]he bankruptcy court has great latitude in approving compromise agreements". *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). "The purpose of a compromise agreement is… to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Marin v. Kane (In re A&C Properties)*, 784 F.2d 1377,1380-81 (9th Cir. 1986).  Accordingly, in approving a settlement agreement, the court need not conduct an exhaustive instigation of the claims sought to be compromised. See, *United States v. Alaska National Bank (In re Walsh Constr., Inc.*), 669 F.2d 1325, 1328 (9th Cir. 1982). Rather it is sufficient that the court find that the settlement was negotiated in good faith and is reasonable, fair and equitable. See, *A&C Properties, Inc.*, 784 F.2d at 1381; see also *Redwood Trust v. Am. Budget Storage, LLC (In re Am. Bldg. Storage),* 285 Fed. App'x. 375 (9th Cir. 2008); *In re Pac. Gas & Elec. Co*, 304 B.R. 395, 416-17 (Bankr. N.D. Cal. 2004).

A.    **<u>The Bankruptcy Court May Approve a Compromise which is Fair and Equitable.</u>**

Generally, the benchmark in determining the propriety of a settlement is whether the settlement is in the best interests of the estate and its creditors. *In re Energy Cooperative, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989). To be approved, the settlement need not represent the highest possible return to the estate, but merely must fall within the "range of reasonableness." *In re Walsh Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1992). In making this

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

– 5 –

1  determination, the bankruptcy court need not conduct a trial or even a "mini trial" on the merits.

2  *Id*.

3      In determining the fairness, reasonableness and adequacy of a proposed settlement

4  agreement, the Court must consider the following factors:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to
> been encountered in the matter of collection; (c) the complexity of the
> litigation involved, and the expense, inconvenience, and delay necessarily
> attending it; (d) the paramount interests of the creditors and a proper
> deference to their reasonable views in the premises.

8  *A & C Properties*, 784 F.2d at 1381; *Woodson*, 839 F.2d at 620. In other words, the

9  Court must weigh certain factors in order to determine whether the compromise is in the best

10  interests of the bankrupt estate. *A & C Properties*, 784 F.2d at 1382.

11      The Debtors believe that based on the four factors under *A&C Properties*, the proposed

12  settlement of the Claim by the parties is in the best interest of the Estate as discussed in detailed

13  below.

14      **1.    Probability of Success in Litigation.**

15      Given the nature of the Claim, the probability of success is uncertain and will require that

16  the parties again litigate the proper amount of ICI's Claim.  Should the Objection proceed to a

17  second evidentiary hearing, the parties will likely need to retain and proffer testimony from well-

18  respected experts who will testify as to the proper accounting of the loan history.  This will prove

19  to be challenging and expensive. Moreover, the parties understand that there is risk inherent in

20  any litigation regardless of the merits. As such, given the settlement reached, the parties believe

21  that any continued litigation will outweigh the benefits with respect to the Settlement Agreement.

22  Moreover, the proposed settlement of the Claim allows the parties to cease litigation costs and

23  provides the Estate with finality of the disputes.  Based on the above, the parties believe that this

24  factor weighs in favor of authorizing the parties to settle the Claim on the terms set forth herein.

25      **2.    Difficulties, if any, to be Encountered in the Matter of Collections**.

26      The parties are not aware of any unusual collection issues in connection with the Claim

27  and the consideration of the difficulties to be encountered in collection are not applicable to the

28  settlement. Based on the above, this factor weighs in favor of settlement.

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

– 6 –

### 3. The Complexity of the Litigation Involved, Expense, Inconvenience and Delay Necessarily Attending It.

If the Debtors are is not authorized to settle the Claim, they would have to expend additional resources on costly litigation to prosecute it. Such litigation will be complex, involving retention of and testimony from experts, and further discovery. The added complexity of litigating the claims would also be time consuming. Further, the litigation is risky and would delay the administration of the Debtors' bankruptcy case. ICI would be expected to appeal a decision in favor of the Debtors in the instant action. Further appeals practice would introduce significant delay, as well as additional expense. For these reasons, this factor weighs in favor of settlement.

### 4. The Paramount Interest of the Creditors and the Proper Deference to the Reasonable Views.

The settlement of the Claim should be approved as a means of preserving assets and enhancing the value of the Estate for payment of claims to priority unsecured creditors. The settlement avoids costly and risky activities related to continued litigation of the disputes with no guarantee of a beneficial outcome for the Estate. Moreover, the settlement results in certainty and benefit to the Estate. In summary, the settlement reached will benefit the Estate and creditors and therefore approval of the Compromise Motion is proper.

## VI.

## CONCLUSION

Based on the foregoing, the Debtors respectively request that the Court grant its Motion in its entirety, approve the Settlement Agreement and for such other further relief as the Court deems just and proper.

Dated: September 14, 2021            Respectfully submitted,

PAGTER AND PERRY ISAACSON

/s/ Misty Perry Isaacson

Misty Perry Isaacson, Attorneys for Debtors
Francisco Ramirez Ramirez and
Aurora Mendez Barajas

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

– 7 –

### DECLARATION OF MISTY PERRY ISAACSON

I, Misty Perry Isaacson, declare as follows:

1.      I am an attorney at law duly licensed to practice before this Court.  I am counsel for the Francisco Ramirez Ramirez and Aurora Mendez Barajas (collectively the "Debtors").  I have personal knowledge of the following facts, and if called as a witness, I could and would competently testify thereto.

2.      Debtors filed their Chapter 13 case on October 22, 2018.

3.      On December 31, 2018, ICI filed its proof of claim ("Claim") indicating that it was owed $163,284.01.

4.      On March 29, 2019, the Debtors filed an objection to ICI's Claim ("Objection"). After a number of hearings on the Debtors' Objection, the Bankruptcy Court set an evidentiary hearing for September 19, 2019.  At the conclusion of the evidentiary hearing, the Bankruptcy Court held that ICI could not validate its Claim and disallowed the same in its entirety.  The Bankruptcy Court entered its order disallowing ICI's Claim on September 27, 2019 ("Order").

5.      ICI appealed the Order disallowing its Claim to the United States Bankruptcy Appellate Panel of the Ninth Circuit ("BAP").  On August 3, 2020, the BAP reversed the Bankruptcy Court's Order and remanded the matter for further proceedings to determine the amount of ICI's Claim.

6.      In lieu of further litigation, the parties participated in two half-day mediation sessions before the Hon. Meredith A. Jury, retired U.S. Bankruptcy Judge for the Central District of California.  On November 9, 2020 the parties were able to settle the Debtors' Objection and executed a term sheet that was prepared by Judge Jury.  Thereafter, the parties entered into a Settlement Agreement and Loan Modification.  True and correct copies of the Settlement Agreement and Loan Modification are attached hereto as Exhibits 1 and 2 respectively.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 14th day of September 2021 in Santa Ana, CA.

/s/ Misty Perry Isaacson

_____
Misty Perry Isaacson

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

– 8 –

# EXHIBIT
# 1

Exhibit 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into as of November 9, 2020, by and between the Debtors, Francisco Ramirez Ramirez ("Ramirez"), Aurora Mendez Barajas ("Barajas") (collectively the "Debtors" or "Objectors") and Creditor Investment Consultants, Inc. ("ICI"), Gregory Bosse ("Bosse"), and C.P. Fisher ("Fisher") (collectively the "Respondents") (together the Debtors and the Respondents will be identified as the "Parties") for good and valuable consideration.

## I.
## Recitals

A.     On October 22, 2018 (the "Petition Date"), the Debtors filed their voluntary chapter 13 case in the United States Bankruptcy Court for the Central District of California (Case No. 8:18-bk-13870-MW) (the "Bankruptcy Court").

B.     ICI filed Proof of Claim 3 ("POC 3") in the Bankruptcy Case on December 31, 2018, claiming that it was owed $163,284.01 on the Petition Date.

C.     On March 29, 2019, the Debtors filed an objection to POC 3 on various grounds (the "Objection").

D.     September 27, 2019, the Bankruptcy Court entered an order disallowing POC 3 (the Disallowance Order").

E.     On October 11, 2019, ICI filed its notice of appeal respect to the Disallowance Order.

F.     On August 3, 2020, the United States Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") entered its judgment and memorandum reversing the Bankruptcy Court's Disallowance Order and remanded the matter for further adjudication (the "BAP Judgment").

G.     The BAP's remand of the Objection issues back to the Bankruptcy Court will delay the resolution of the matter between the Parties. Accordingly, the Parties believe a reasonable settlement in this matter is in their best interests and agreed to mediation before the Honorable Meredith A. Jury (Retired).

H.     After participating in the mediation session with Judge Jury, the Parties entered into the settlement set forth herein, subject to the approval of the Bankruptcy Court.

## II.
## Settlement Terms

1.     The Parties stipulate and agree that ICI shall have an allowed secured claim on its note, as modified, and deed of trust secured against the Debtor's residence located at 13422 Elmwood Street, Garden Grove, CA 92843 ("Residence") in the principal amount of $65,000.00 ("Principal"). The outstanding Principal will accrue interest per annum at a rate of

Exhibit 1

seven percent (7%) ("Settlement Amount").  A copy of the proposed modified note is attached hereto as Exhibit 1.

2.     The Debtors shall make payments on the Settlement Amount to ICI each month on the 1st day of each month in the amount of $379.17 ("Monthly Payment") beginning on October 1, 2021 and continuing monthly thereafter until November 1, 2029 ("Maturity Date") at which time all sums of principal and interest then remaining unpaid shall be due and payable in full.

3.     The Monthly Payment shall be made payable to Investment Consultants, Inc. and mailed and/or delivered to: c/o Gregory Bosse, 940 West 17th Street, Suite F, Santa Ana, CA 92704.

4.     The Debtors will be in default of this Agreement if they fail to tender the full Monthly Payment by the end of fifteen (15) calendar days after the date it is due.

5.     If the Debtors default on making their Monthly Payment, ICI may increase the interest rate noted above in paragraph one (1) from seven percent (7%) to eight and one-half percent (8.5%) ("Default Interest Rate") for the period that the Debtors are in default.  The increased interest rate shall apply from the occurrence of the default until all defaults have been cured.

6.     The Debtors will have the right to make payments of Principal at any time before it is due.  A payment of Principal only is known as a "Prepayment."  When the Debtors make a Prepayment, they will tell ICI in writing that they are doing so.  The Debtors may make a full Prepayment or a partial Prepayment without paying any Prepayment charge or penalty.  ICI will use the Debtors Prepayments to reduce the amount of Principal that the Debtors owe to ICI.

7.     Any presently pending foreclosure on the original note and deed of trust held by ICI against the Debtors' Residence will be terminated and/or withdrawn.

8.     The automatic stay of Bankruptcy Code Section § 362 shall be terminated between the Parties, such that ICI may take appropriate state court action upon Debtors' default of this Agreement or conduct a nonjudicial foreclosure pursuant to California Civil Code § 2924 et seq.

9.     Except for the rights specifically retained in this Agreement, for and in consideration of the Settlement Amount, Benefits, and Obligations and the other promises representations and covenants stated in this Agreement, Debtors, on the one hand, and the Respondents on the other hand ("Releasing Parties") on behalf of themselves and their respective affiliates, members, spouses, children, issue, heirs, executors, administrators, personal representatives, assigns, successors, predecessors, employees, agents, brokers, attorneys, past, present and future officers, directors, members, partners, parent corporations, subsidiary corporations, shareholders, and all other claiming under or through them or it (collectively, "Representative Parties"), unconditionally remise, release, and forever discharge and acquit each other and their respective Representative Parties (collectively, "Released Parties" from any and all manner of actions, causes of action, suits, debts, liens, contracts, agreements, promises,

Page **2** of **6**

- 11 -

Exhibit 1

liabilities, claims, potential claims, demands, damages, principal, interest, losses, costs, fees, or expenses of any nature whatsoever, whether vicarious, derivative or direct, that are presently known and/or unknown to each of the Releasing Parties, which each of the Releasing Parties now has by reason of any matter, cause, thing, contracts, asserted contracts, alleged torts, or any other legal liability of any sort in any transaction whatsoever between or among the Releasing Parties, including, but not limited to any claims, whether based in tort or contract, express or implied, or any federal, state or local law, statute or regulation, known or unknown, fixed or contingent, including but not limited to the claims related to the transactions and any and all claims that were raised or could have been raised by the Parties in the Debtors' Bankruptcy case.

10.    Except for enforcement of this Agreement, the Releasing Parties agree not to institute any actions or lawsuits, or otherwise assert or attempt to assert any claim or cause of action, whether known or unknown, against any other Released Party with respect to any matter arising from, growing out of, connected with, or related in any way with the Bankruptcy case.

11.    For purposes of implementing a full and complete release, the Releasing Parties expressly acknowledge that their releases given in this Agreement are intended to include in their effect, without limitation, claims that they did not or suspect to exist in their favor at the time of the execution date of this Agreement, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under the Agreement was also for the release of those claims and contemplates the extinguishment of any such unknown claims. In furtherance of the Agreement, the Parties expressly waive any rights each may have under the following provision of California Civil Code § 1542:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

12.    Each Releasing Party is aware that it, he or she may hereafter discover claims or facts in addition to or different from those it, he or she now knows or believes to be true with respect to the matters related herein. Nevertheless, it is the intention of each Releasing Party to fully, finally and forever settle and release matters related hereto. In furtherance of such intention, the releases given herein shall be and remain in effect as full and complete releases of all such matters, notwithstanding the discovery or existence of any additional or different claims or facts relative thereto.

13.    Each of the Parties has had an opportunity to review and consider the terms and effect of this Agreement with the preparation and assistance of counsel. The Parties agree that they have executed this Agreement voluntarily, without coercion or duress of any kind, and on the advice of their independent counsel.

Exhibit 1

14.    The Parties further agree that the consideration recited in this Agreement is the sole and only consideration for this Agreement, and that no representations, promises, or inducements have been made by any of the Parties of their officers, employees, agents or attorneys thereof other than those appearing in this Agreement.

15.    This Agreement contains the entire agreement and understanding concerning settlement of the matters referenced herein and supersedes and replaces all prior negotiations of proposed agreements, written or oral, if any, and may be modified or amended only by a writing signed by all of the Parties.

16.    Each of the Parties has read this Agreement and understands its contents.

17.    This Agreement is intended to be and is final and binding, regardless of any mistake of law or fact.

18.    Each of the Parties has cooperated in the drafting and preparation of this Agreement. This Agreement is to be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties. The terms of this Agreement are enforceable pursuant to California law.

19.    No Admissions. The Parties acknowledge and agree that this Agreement is entered into as part of a compromise and settlement of disputed claims. The Parties further acknowledge and agree that the acceptance of the Agreement is not an admission of any fact, matter or thing, and in fact each of the Parties disputes the claims asserted against them and deny any adverse allegations asserted by any other party unless specifically consented to herein. Neither this Agreement nor any of its terms shall be offered or received as evidence in any proceeding in any forum as an admission of any liability or wrongdoing.

20.    Binding On Successors. This Agreement shall inure to the benefit of and be binding upon and enforceable against the Parties hereto and their successors and assigns.

21.    Facilitation of Agreement Terms. Each of the Parties hereto agrees to execute and deliver, or cause to be executed and delivered, all such instruments, and to take all such actions as the other Party may reasonably request which are reasonably necessary to effectuate the intent and purposes of this Agreement, all at the sole expense of the requesting Party.

22.    Costs; Attorneys Fees Provision. Except as otherwise expressly provided herein, the Parties to this Agreement shall bear their own expenses and costs, including but not limited to attorneys' fees and court costs. However, in the event that any of the Parties to this Agreement is required to take legal action to enforce its terms then such party of parties shall be entitled to recover such party(s) reasonable attorney's fees and costs, if said party is the prevailing party.

23.    Authority of Parties. The Parties to this Agreement, and each of them, hereby represent and warrant that they have the full authority to execute this Agreement and to fully bind the respective Parties to each and all of the terms and conditions set forth herein.

Exhibit 1

24.     Integrated Writing. This Agreement constitutes a single, integrated written contract, expresses the entire Agreement of the Parties with respect to the subject matter of this Agreement, and supersedes all negotiations, prior discussions, and preliminary agreements.

25.     Choice of Law. The Parties agree that this Agreement shall be interpreted and construed under the Bankruptcy Code and the laws of the State of California, without regard to principles of conflict of law.

26.     Jurisdiction. The Bankruptcy Court shall have exclusive jurisdiction to interpret and enforce the terms of this Agreement. However, if for any reason the Bankruptcy Court lacks jurisdiction to grant any relief required to implement and enforce the provisions of this Agreement any other court of competent jurisdiction may grant relief.

27.     Counterparts. This Agreement may be executed in any number of counterparts, each of which, when executed and delivered, shall be deemed to be an original, and all of which, when taken together, shall constitute but one and the same Agreement. Delivery of an executed counterpart of this Agreement by facsimile shall be equally as effective as delivery of a manually executed counterpart of this Agreement. Any Party delivering an executed counterpart of this Agreement by facsimile shall deliver a manually executed counterpart of this Agreement but the failure to deliver a manually executed counterpart shall not affect the validity, enforceability, and binding effect of this Agreement.

Dated:                                        **INVESTMENT CONSULTANTS, INC.,**
                                              a California corporation

                              By:    _See attached_
                                     C.P. Fisher
                                     President

Dated:                                        **C.P. FISHER,**
                                              an individual

                                     _See attached_
                                     C. P. Fisher

Dated:                                        **FRANCISCO RAMIREZ RAMIREZ,**
                                              an individual

                                     _See attached_
                                     Francisco Ramirez Ramirez

Page 5 of 6

- 14 -

Exhibit 1

24.    Integrated Writing. This Agreement constitutes a single, integrated written contract, expresses the entire Agreement of the Parties with respect to the subject matter of this Agreement, and supersedes all negotiations, prior discussions, and preliminary agreements.

25.    Choice of Law. The Parties agree that this Agreement shall be interpreted and construed under the Bankruptcy Code and the laws of the State of California, without regard to principles of conflict of law.

26.    Jurisdiction. The Bankruptcy Court shall have exclusive jurisdiction to interpret and enforce the terms of this Agreement. However, if for any reason the Bankruptcy Court lacks jurisdiction to grant any relief required to implement and enforce the provisions of this Agreement any other court of competent jurisdiction may grant relief.

27.    Counterparts. This Agreement may be executed in any number of counterparts, each of which, when executed and delivered, shall be deemed to be an original, and all of which, when taken together, shall constitute but one and the same Agreement. Delivery of an executed counterpart of this Agreement by facsimile shall be equally as effective as delivery of a manually executed counterpart of this Agreement. Any Party delivering an executed counterpart of this Agreement by facsimile shall deliver a manually executed counterpart of this Agreement but the failure to deliver a manually executed counterpart shall not affect the validity, enforceability, and binding effect of this Agreement.

Dated:                                        INVESTMENT CONSULTANTS, INC.,
08-19-21                                      a California corporation

                                      By:     _____
                                              C.P. Fisher
                                              President

Dated:                                        C.P. FISHER,
08-19-21                                      an individual

                                              _____
                                              C.P. Fisher

Dated:                                        FRANCISCO RAMIREZ RAMIREZ,
09-08-2021                                    an individual

                                              _____
                                              Francisco Ramirez Ramirez

Page 5 of 6

- 15 -

Exhibit 1

Dated:

0 9/08/2021

Dated:   08/24/21

AURORA MENDEZ BARAJAS,
an individual

Aurora Mendez Barajas

GREGORY L. BOSSE,
An individual

Gregory L. Bosse

Page 6 of 6

Exhibit 1

# EXHIBIT
# 2

Exhibit 2

**Borrowers: Francisco Ramirez Ramirez and Aurora Mendez Barajas**

## LOAN MODIFICATION AGREEMENT
### (Pre-Approved Terms)

This Loan Modification Agreement ("Agreement") made effective *08/12/2021,* between Francisco Ramirez Ramirez and Aurora Mendez Barajas ("Borrower") and Trust Deed Holder ("Investment Consultants Inc." or "ICI"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"); and (2) the Note, secured by, the Security Instrument, which covers the real property described in the Security Instrument and defined therein as the ("Property"), located at 13422 ELMWOOD STREET GARDEN GROVE, CA 92843, the real property described being set forth as follows:

See Legal description referenced in the original Security Instrument.

Whereas. Borrower and ICI desire to modify the loan as further outlined below.

In consideration of the mutual promises and agreements exchanged as more fully set forth in the Settlement Agreement entered into on or about September 8, 2021 and as and whose terms are incorporated herein ("Settlement Agreement"), the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Loan Balance:
    Post-modification, the outstanding principal balance of the loan will consist of $65,000.00, which represents the total capitalized amount of the outstanding principal balance (the "Principal Balance"), including any unpaid and deferred interest, fees and other costs.

2. Payments:
    Beginning on 10/01/2021, the scheduled minimum monthly payment will include repayment of the interest-bearing portion of the Principal Balance, in accordance with the interest rate referenced in Section 3 below. Borrower promises to make monthly payments in the amount of U.S. $379.17 beginning on *10/01/2021,* and continuing thereafter on the same day of each succeeding month until the Loan Maturity as defined in paragraph 5 below.

3. Interest Rate Calculation:
    The interest rate is 7%.

4. Default Interest Rate:
    If the Debtors default in the payments due under this agreement and the Settlement Agreement, ICI may increase the interest rate noted above in paragraph 3 from 7% to 8.5% for the period that the Debtors are in default.  The

Exhibit 2

increased interest rate shall apply from the occurrence of the default until all
defaults have been cured. Payments will be first applied to interest.

5. Loan Maturity:
   Hereby, it is agreed that if on the Maturity Date *(10/01/2029),* Borrower still owes
   amounts under the Note and Security Instrument, as amended by this
   Agreement, Borrower will be required to pay these amounts in full on the Maturity
   Date. The final payment will be due and payable on the earlier of the
   Maturity Date or payoff.

6. Modification Execution:
   Borrower must return the executed Modification Agreement, with original
   signatures (wet-ink), with the first modified monthly payment to:

                     Investment Consultants Inc.
                       c/o Gregory Bosse
                    940 West 17th Street Suite F
                       Santa Ana, CA 92704

Future payments should be remitted to ICI in accordance with the above directions
unless notified in writing.

If all or any part of the Property or any interest in the Property is sold or transferred, ICI
may require immediate payment in full of all sums secured by the Security Instrument. If
ICI exercises this option, ICI shall give Borrower notice of acceleration. The notice shall
provide a period of not less than 30 days from the date the notice is delivered or mailed
within which Borrower must pay all sums secured by the Security Instrument. If
Borrower fails to pay these sums prior to the expiration of this period, ICI may invoke
any remedy permitted by the Security Instrument without further notice or demand on
Borrower, except as required by applicable California State law regarding nonjudicial
foreclosures.

Borrower also will comply with all other covenants, agreements, riders to (except those
specifically amended herein or in the Settlement Agreement) and requirements of the
Security Instrument, including without limitation, Borrower's covenants and agreements
to make all payments of taxes, insurance premiums, assessments, escrow items,
impounds, and all other payments that Borrower is obligated to make under the Security
Instrument; however, the following terms and provisions are forever canceled, null and
void, as of August ___, 2021:

(a)      all terms and provisions of the Note and Security Instrument (if any) providing for,
implementing, or relating to, any change or adjustment in the rate of interest payable
under the Note; and

(b)      all terms and provisions of any adjustable rate rider, or other instrument or
document that is affixed, wholly or partially incorporated into, or is part of, the Note or

                                      - 19 -

                                                              Exhibit 2

Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

Borrower understands and agrees that:

(a)    All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b)    All covenants, agreements, stipulations, and conditions in the Note and Security Instrument, including riders to the Security Instrument, shall be and remain in full force and effect, except as herein modified herein or in the Settlement Agreement, none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, affect any of ICI's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Except as modified by the Settlement Agreement, all rights of recourse to which ICI is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by ICI.

(c)    Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or part of the Note and Security Instrument.

(d)    Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by ICI, shall bind and inure to the heirs, executors, Administrators, and assigns of the Borrower.

(e)    Borrower acknowledges he/she/they have been given the opportunity to review this Agreement with legal counsel of his/her/their own choice prior to execution of the Agreement.

In the event there has been a prior bankruptcy or an ongoing bankruptcy, notwithstanding anything in this Agreement to the contrary, including without limitation the provisions in the preceding paragraph, Borrower and ICI acknowledge and agree that Borrower's personal liability under the Note has been discharged in a Chapter 7 or a Chapter 13 Bankruptcy or is subject to an ongoing bankruptcy proceeding that this Agreement shall not be construed as (1) an attempt by Note Holder to collect the underlying debt from Borrower's personal assets; (2) as a violation of the post-discharge injunction set faith in 11 U.S. C. Section 524; and/or (3) a violation of the automatic stay provisions 11 U.S.C. Section 362. On the contrary, Borrower and ICI desire to modify the underlying loan terms in order to facilitate Borrower's full compliance with the terms of the Note, Security Instrument, and Settlement Agreement.

Exhibit 2

In Witness Whereof, ICI and Borrower have executed this Agreement.

Dated:                                         **INVESTMENT CONSULTANTS,
                                               INC.,** a California corporation

                                   By:    *See attached*

                                               C.P. Fisher
                                               President


Dated:                                         **FRANCISCO RAMIREZ RAMIREZ**

                                               *See attached*
                                               _____
                                               Francisco Ramirez Ramirez


Dated:                                         **AURORA MENDEZ BARAJAS,**

                                               *See attached*
                                               _____
                                               Aurora Mendez Barajas

- 21 -

Exhibit 2

In Witness Whereof, ICI and Borrower have executed this Agreement.

Dated:

05-19-2021

INVESTMENT CONSULTANTS, INC., a California corporation

By:

C.P. Fisher
President

Dated:
09-08-2021

FRANCISCO RAMIREZ RAMIREZ

Francisco Ramirez Ramirez

Dated:
09-08-2021

AURORA MENDEZ BARAJAS,

Aurora Mendez Barajas

Exhibit 2

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **525 N. Cabrillo Park Drive, Suite 104, Santa Ana, CA  92701**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN DEBTORS AND INVESTMENT CONSULTANT INCORPORATED RE OBJECTION TO PROOF OF CLAIM NO. 3** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **09/15/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Amrane (SA) Cohen (TR)**    efile@ch13ac.com
- **Sean C Ferry**    sferry@ecf.courtdrive.com, bkyecf@rasflaw.com
- **Fritz J Firman**    firmanweber@Yahoo.com, centralservice.firmanweber@gmail.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **09/15/2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/15/2021 | IMELDA BYNOG | /s/ *Imelda Bynog* |
|---|---|---|
| Date | Printed Name | Signature |

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRU
Robertson, Anschutz & Schneid, P.L.
6409 Congress Ave., Suite 100
Boca Raton, FL 33487-2853

Investment Consultants Inc.
c/o Fritz J. Firman
1503 South Coast Drive, Ste 209
Costa Mesa, CA 92626-1527

California Dept. of Tax & Fee Administration
Special Operations Branch, MIC:55
PO BOX 942879
SACRAMENTO CA 94279-0055

Firtz J. Firman, Esq.
1503 Coast Drive, Suite 209
Costa Mesa, CA 92626-1527

Gregory Bosse
940 W. 17th St., Suite F
Santa Ana, CA 92706-3574

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Investment Consultants, Inc.
Attn Managing Agent
400 South Jones Blvd.
Las Vegas, NV 89107-2658

OCWEN
Attn Bankruptcy Department
PO Box 24605
West Palm Beach, FL 33416-4605

Ocwen Loan Servicing, LLC
ATTN: Bankruptcy Department
P.O. Box 24605
West Palm Beach, FL 33416-4605

Pite Duncan
4375 Jutland Drive, Suite 200
PO Box 17933
San Diego, CA 92177-7921

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**525 N. Cabrillo Park Drive, Suite 104, Santa Ana, CA 92701**

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **10/06/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Amrane (SA) Cohen (TR)**    efile@ch13ac.com
- **Sean C Ferry**    sferry@raslg.com, sferry@ecf.courtdrive.com
- **Fritz J Firman**    firmanweber@Yahoo.com, centralservice.firmanweber@gmail.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/06/2021 | IMELDA BYNOG | /s/ *Imelda Bynog* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                  Page 3                      **F 9013-1.2.NO.REQUEST.HEARING.DEC**